Polk, Foote & Neblett, Alexandria, La., for plaintiff.

T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., for defendant.

### John E. HUGHES
### v.
### Abraham A. RIBICOFF, Secretary of Health, Education and Welfare.
### Civ. A. No. 7276.

United States District Court
W. D. Louisiana,
Alexandria Division.

May 16, 1961.

HUNTER, District Judge.

This is an action under Section 205(g) of the Social Security Act as amended, 42 U.S.C.A. 405(g), to review a "final decision" of the Department of Health, Education and Welfare.

Plaintiff filed an application to establish a period of disability on March 1, 1955. In connection with this application he showed his date of birth as June 23, 1907 and alleged he became unable to work January 8, 1953. He stated that his impairments consisted of extreme nervousness which caused palsy, inability to stand for any long period, and of his being in pain much of the time.

Plaintiff's application was denied initially, and on reconsideration it was again denied by the Bureau of Old Age Survivors Insurance.

Plaintiff thereafter requested a hearing before a Hearing Examiner, which hearing was held on March 12, 1958 at Alexandria, Louisiana. The Hearing Examiner considered the entire case de novo and rendered a decision on April 24, 1958, holding that the plaintiff was not entitled to the establishment of a period of disability.

Plaintiff next requested the Appeals Council to review the decision of the Hearing Examiner. The Appeals Council, on October 24, 1958, declined to review the decision of the Hearing Examiner, on the grounds that a formal review

of that decision would result in no advantage to claimant.

 Plaintiff thereafter initiated this action, and on March 13, 1959 the cause was remanded to the Appeals Council. The proceedings on remand were completed and the Appeals Council rendered a decision of August 17, 1960, affirming the denial of the application of plaintiff to establish a period of disability. This action of the Appeals Council, if supported by substantial evidence, may not be overturned on review by this Court.

The issue is whether there is substantial evidence to support the decision of the Secretary that the plaintiff failed to establish that he is entitled to a period of disability (a so-called disability "freeze") under Section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i). Plaintiff's specially insured status for the benefit for which he applied expired on December 31, 1954. Therefore, he must show that he became unable prior to that time to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration. If he became so disabled after December 31, 1954 he is entitled to nothing by this action.

This Court is precluded from substituting its own conclusions for those of the agency. Congress has provided that a final decision, such as the one by the Appeals Council, must be accepted as conclusive if there is substantial evidence to support the findings (42 U.S.C.A. § 405(g)).

From a review of the record it appears that there is substantial evidence to support the administrative findings. Claimant's condition has grown much worse since the termination of his insured status on December 31, 1954, but the question for decision relates to his condition on or before that date.

 Believing as we do that there is substantial evidence in the record to support the decision of the Secretary that the plaintiff (having the burden of proof thereof) failed to establish that he is entitled to a period of disability under Section 216(i) of the Social Security Act, the motion for summary judgment filed by defendant should be granted. It is.